UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RALPH LEE,

                     Petitioner,

-against-

BROWN, Superintendent, Eastern
Correctional Facility,

                     Respondent.

07-CV-1627 (NG)

**MEMORANDUM AND ORDER**

------------------------------------------------------------X

**GERSHON, United States District Judge:**

By order dated May 7, 2007, the Court directed petitioner Ralph Lee, appearing *pro se*, to show cause why the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. Day v. McDonough, 547 U.S. 198,—, 126 S. Ct. 1675, 1684 (2006) (petitioner is entitled to notice and an opportunity to be heard before the Court dismisses a petition as time-barred); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). On May 16, 2007, petitioner filed an affirmation. For the reasons set forth below, the petition for a writ of habeas corpus is dismissed.

Background

Petitioner alleges that he was convicted in Kings County on December 8, 1992. Petition ¶ 2. The Appellate Division, Second Department, affirmed his conviction on April 17, 1995, People v. Lee, 214 A.D.2d 684 (2d Dep't 1995), and the New York State Court of Appeals denied him leave to appeal on May 26, 1995. People v. Lee, 85 N.Y.2d 975 (1995). Petitioner's conviction became final on August 24, 1995, upon expiration of the 90-day period for seeking a writ of certiorari. Lawrence v. Florida, 549 U.S. —, 127 S.Ct. 1079, 1084-85 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001).

One-Year Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") signed into law on April 24, 1996, provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). See also Lindh v. Murphy, 521 U.S. 320, 327 (1997) (§ 2244 applies "to the general run of habeas cases ... when those cases had been filed after the date of the [AEDPA]."); Ross v. Artuz, 150 F.3d 97 (2d Cir. 1998). Because petitioner's conviction became final before the effective date of the AEDPA, or April 24, 1996, he was entitled to a one-year grace period, or until April 24, 1997, in which to file a habeas petition. Carey v. Saffold, 536 U.S. 214, 217 (2002); Ross, 150 F.3d at 103. Petitioner filed the instant petition on April 16, 2007, almost ten years after the expiration of the grace period. The Court, therefore, directed petitioner to show cause why the petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1)(A).

Affirmation

Petitioner's affirmation consists solely of the following (along with exhibits):

> Your Honor;
> Here are copys of documented exhibits for the record that Petitioner Ralph Lee, did send to the Courts with due diligence and in a timely fashion and respondents did received all of them in a timely fashion. Also that petitioner Ralph Lee, is not at fault C.P.L.R. 2218-through 3211, U.S.C.A. Title 28 Fed. Rules of Civil Procedure 41 (334) 42, etc.
> Request permission to proceed writ of habeas corpus. Your Honor, the petitioner did argue these issues in the 440.10 motion, and the leave certificate at the appellate court. The D.A. did not respond or apply to the issues or fact of law and they had plenty of time to reply and choose not to. I can't imagine why these officially dated issues were not.

Petitioner's Affirmation at 1-2.[1]

Statutory Tolling

As set forth in the Court's prior order, § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, § 2244(d)(2) does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) applies *only if* a post-conviction motion was pending within the one-year grace period and merely excludes the time the motion was under submission from the calculation of the one-year period of limitations. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000). Here, petitioner submits, as an unmarked exhibit, a copy of the affidavit of service accompanying the C.P.L. § 440.10 motion ("440 motion)" sent to the Supreme Court of the State of New York, Kings County and to the District Attorney which does not include the date it was

---

[1] The Court has paginated petitioner's affirmation for ease of reference.

mailed but that was notarized on June 22, 2006. The Government's affirmation in opposition to the 440 motion, another unmarked exhibit, indicates that the motion was dated July 7, 2006. Petitioner did not provide a copy of the 440 motion. Whether the Court applies the notary date or the district attorney's date, it is clear that the 440 motion was not pending during the one year grace period, but rather was filed well after the grace period expired on April 24, 1997. Therefore, petitioner does not qualify for statutory tolling based on the filing of the 440 motion. The fact that the 440 motion was denied by the state court on December 11, 2006 and that leave to appeal was denied by the appellate court on March 27, 2007 does not render this petition timely filed.

Equitable Tolling

However, the limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence v. Florida, 127 S.Ct. at 1085 (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted). Here, petitioner does not allege any facts to show that he is entitled to equitable tolling. See Petitioner's Affirmation at 1-2. Petitioner's reference to due diligence appears to relate to his submission of the 440 motion in state court and does not provide a basis to equitably toll the limitations period for filing a writ of habeas corpus in federal court.

Conclusion

Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby dismissed as time-barred. 28 U.S.C. § 2244(d)(1).

As this petition present no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Court certifies that pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

s/NG

_____
**NINA GERSHON**
**United States District Judge**

Dated:   **Brooklyn, New York**
        **May 23, 2007**